**TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Delaware corporation, Plaintiff–Appellant,**

v.

**UNISTAR FINANCIAL SERVICE CORP., a Texas corporation, Defendant–Appellee.**

No. 01–1340.

United States Court of Appeals, Tenth Circuit.

May 21, 2002.

Before KELLY, BRISCOE, and LUCERO, Circuit Judges.

## ORDER AND JUDGMENT *

PAUL KELLY, Jr., Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This appeal is taken from the district court's dismissal of plaintiff's declaratory judgment action, filed initially in state court and removed to federal court based on the district court's diversity jurisdiction. Plaintiff sought a declaration of its rights under a financial institution bond issued to defendant, claiming defendant had failed to meet certain conditions precedent to coverage under the bond.

After plaintiff filed its complaint in state court, defendant moved to quash service of process, alleging that the summons had failed to comply with the requirement of Colo. R. Civ. P. 4(c) because the summons did not correctly state the time by which defendant was required to appear and defend against plaintiff's claim.[1] Aplt. App at 12–14. Shortly after the state court filed an order denying the motion and ordering defendant to answer the complaint, defendant discovered that the citizenship of the parties was fully diverse and removed the case to federal court.[2]

Defendant then moved to dismiss the action under Fed.R.Civ.P. 12(b)(2) for lack of personal jurisdiction or, alternatively, for a change of venue to Texas pursuant to 28 U.S.C. § 1404(a). Aplt.App. at 27. Defendant alleged that defendant lacked the minimum contacts required to confer jurisdiction in the district court under either the Colorado long arm statute, Colo.Rev. Stat. § 13–1–124, or under the due process clause as outlined in *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Alternatively, defendant argued that the convenience of the parties and witnesses, as well as the interests of justice, weighed in favor of transferring the cause to Texas.

In its response, plaintiff claimed that defendant had waived its right to contest personal jurisdiction in Colorado by failing to raise the issue in the motion to quash service of process. Plaintiff also argued that there were sufficient minimum contacts with Colorado to support jurisdiction and that defendant had waived its objection to venue as well.

The district court acknowledged that generally under Fed.R.Civ.P. 12(b) "objections to personal jurisdiction and service of process must be asserted in the answer or in a pre-answer motion." Aplt.App. at 130. The court further recognized that under Rule 12(h)(1) the defense of lack of jurisdiction over the person is waived if omitted from a motion under the circumstances described in Rule 12(g). *Id.* at 130–31.

---

\* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

1. The summons stated twenty days, when in fact, because it was served on defendant in Texas, the correct period was thirty days.

2. In its complaint, plaintiff had listed itself as a Delaware corporation. Defendant is a Delaware corporation with its principal place of business being in Texas. Upon learning that plaintiff is incorporated under the laws of Connecticut, defendant promptly filed its notice of removal. *See* 28 U.S.C. § 1446(b) (party may file notice of removal within thirty days of the time "from which it may first be ascertained that the case is one which is or has become removable"). Removal was thus initiated in a timely manner.

The court nonetheless concluded that because the motion to quash service of process had challenged only the technical sufficiency of the complaint, but had not sought dismissal, the motion was not brought under Rule 12(b) and thus was not governed by the waiver requirements of Rule 12(g) and (h). *Id.* at 131. The court then determined that even if plaintiff had met its burden of demonstrating jurisdiction under Colorado's long arm statute, the principles of due process weighed in favor of declining jurisdiction. *Id.* at 132–33. Because it had no need to consider defendant's request to transfer the action to Texas, the court denied that request as moot. *Id.* at 134.

On appeal, plaintiff renews its arguments that defendant waived any objection to personal jurisdiction by failing to assert the defense as required by Rule 12. Plaintiff also argues that it established the requisite minimum contacts to support jurisdiction in Colorado. Because we agree with plaintiff that Rule 12 means what it says, we conclude that the district court erred in holding that defendant had not waived its right to assert lack of personal jurisdiction as a defense. We express no opinion in the request for change of venue to Texas, which defendant is free to renew on remand.

The district court's determination of waiver (here, lack thereof) is a mixed question of law and fact, requiring this court "to accept the district court's factual conclusions unless clearly erroneous but review the application of the facts to the law under a de novo standard." *FDIC v. Oaklawn Apartments*, 959 F.2d 170, 173 (10th Cir.1992).

Federal Rule of Civil Procedure 12(b) provides that every defense in law or fact is to be presented by responsive pleading, except certain defenses, which may be made by motion. Those defenses subject to the motion option include lack of personal jurisdiction and insufficiency of service of process. *Id.* No defense is waived by being joined with one or more other defenses. *Id.* If a party makes a motion under Rule 12 "but omits therefrom any defense or objection then available" which can be raised by motion, that party "shall not thereafter make a motion based on the defense or objection so omitted...." Rule 12(g). In addition, Rule 12(h)(1) specifically states that the defense of lack of personal jurisdiction is waived "if omitted from a motion in the circumstances described in [Rule 12(g)]."

The requirement of personal jurisdiction is intended to protect a defendant's liberty interests, and because it represents an individual right, it can be waived. *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702–03, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982). The locus in which a defendant is sued is a privilege which may be lost by waiver or consent. *See Leroy v. Great W. United Corp.*, 443 U.S. 173, 180, 99 S.Ct. 2710, 61 L.Ed.2d 464 (1979) (both personal jurisdiction and venue are privileges of defendant and may be waived by parties). Rule 12 not only contemplates the lodging of certain defenses at the earliest point in a lawsuit, it mandates a waiver of those defenses if not presented at the first available opportunity.[3] *See United States v. 51 Pieces of Real Property, Roswell, N.M.*, 17 F.3d 1306, 1314 (10th Cir.1994) (failure to object to court's exercise of personal jurisdiction in the first response waives defense); *Oaklawn Apartments*, 959 F.2d at 175 ("If a party files a pre-answer motion and fails to assert the defenses of lack of jurisdiction or insufficiency of service, he waives those defenses."). Defendant has not argued

---

**3.** In all relevant aspects, Colorado's Rule 12 is the same as the federal rule.

that the personal jurisdiction defense was unknown or unavailable at the time it moved to quash service of process.

In state court, replying to plaintiff's response to the motion to quash, defendant stated that its motion was "in the nature of a Rule 12(b)(1) motion." Aplt.App. at 23. In district court, however, replying to plaintiff's opposition to the motion to dismiss for lack of personal jurisdiction, in which plaintiff raised the issue of Rule 12 waiver, defendant claimed it had not filed a Rule 12(b) motion in state court because it had made no mention of Rule 12(b) in the motion and because the motion did not seek dismissal of the action. Aplt.App. at 118. However, the district court did not specify under which rule the motion to quash was in fact brought. Moreover, defendant's apparent suggestion that the motion to quash had been made under Colo. R. Civ. P. 4, *id.*, is without merit. Colorado's Rule 4, like its federal counterpart, merely describes the manner in which service of process can be accomplished, not the method for challenging that service.

We hold that the district court erred in concluding that defendant did not move to quash service under Rule 12 and therefore was not bound by the waiver provisions of that rule. We express no opinion on the motion to transfer venue and commit that determination to the district court upon remand.

The judgment of the district court is REVERSED, and the matter is REMANDED for further proceedings.

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.